**Rule 131. Location of Proceedings Before Issuing Authority.**

(A)     An issuing authority within the magisterial district for which he or she is elected or appointed shall have jurisdiction and authority to receive complaints, issue warrants, hold preliminary arraignments, set and receive bail, issue commitments to jail, and hold hearings and summary trials.

        (1)     Except as provided in paragraph (A)(2), all preliminary arraignments shall be held in the issuing authority's established office, a night court, or some other facility within the Commonwealth designated by the president judge, or the president judge's designee.

        (2)     Preliminary arraignments may be conducted using advanced communication technology pursuant to Rule 540. The preliminary arraignment in these cases may be conducted from any site within the Commonwealth designated by the president judge, or the president judge's designee.

        (3)     All hearings and summary trials before the issuing authority shall be held publicly at the issuing authority's established office. For reasons of emergency, security, size, or in the interests of justice, the president judge, or the president judge's designee, may order that a hearing or hearings, or a trial or trials, be held in another more suitable location within the judicial district.

        (4)     The issuing authority may receive complaints, issue warrants, set and receive bail, and issue commitments to jail from any location within the judicial district, or from an advanced communication technology site within the Commonwealth.

(B)     When local conditions require, the president judge may establish procedures for preliminary hearings or summary trials, in all cases or in certain classes of cases, to be held at a central place or places within the judicial district at certain specified times. The procedures established shall provide either for the transfer of the case or the transfer of the issuing authority to the designated central place as the needs of justice and efficient administration require. **The president judge shall petition the Administrative Office of Pennsylvania Courts (AOPC) for such relocation of proceedings at a central place or places, and the Supreme Court of Pennsylvania shall make the ultimate decision as to whether to approve the petition. The petition procedure is as follows**:

**(1)** **Notice**

    **(a)** **Written notice of the proposed change in location of proceedings shall be provided to all magisterial district judges in the county and to each municipality and each police department that would be affected by the proposed petition.**

    **(b)** **Notice of the proposal shall be provided to the public by posting of the proposal on the court or county official website and by any additional means that the president judge deems appropriate. The notice must be placed at least 30 days before submission of the proposal to the AOPC and must invite members of the public to provide written comment on the proposal. All written comments must be attached to the petition.**

    **(c)** **Each magisterial district judge shall provide a written statement whether the judge supports or opposes the recommendation. These statements shall be attached to the petition. If any judge affected by the proposal fails to submit a statement within 30 days of the distribution of the written notice in subsection (a) above, the president judge shall note this fact in the petition.**

**(2)** **Petition**

    **(a)** **A petition containing the proposal shall be transmitted to the AOPC, with a copy sent to all magisterial district judges in the judicial district, to all municipalities affected by the proposal, to all police departments affected by the proposal, and to the Supreme Court of Pennsylvania. The petition shall contain the following:**

        **(i)** **a statement detailing what local conditions require the formation of a central court and what improvement would be made to the Magisterial District Court system with any data or other documentation,**

        **(ii)** **an assessment of the impact on public**

**accessibility to the relocated court proceedings,**

    **(iii)**     **an estimate of the fiscal impact of the proposal for the county, municipalities, police departments and other stakeholders,**

    **(iv)**     **a copy of the statements from all affected magisterial district judges as to their position on the proposal, or a notation of any magisterial district judge who declined to provide such a statement, and**

    **(v)**     **a copy of the public notice that was posted regarding the proposal and all written comments.**

    **(b)**     **Answers in opposition to the petition may be submitted to the AOPC by any interested party within thirty days of the submission of the original petition. Any answer should include a concise statement of reasons why the petition should be denied and should reference the standards listed below. A copy of the answer shall be sent to the president judge and to the Supreme Court of Pennsylvania. The president judge may submit a response to the answer within fifteen days of the submission of the answer.**

**(3)**     **Standards**

    **(a)**     **Any change shall not diminish the equitable distribution of cases between the magisterial district judges in the county.**

    **(b)**     **No change shall restrict public access to the courts.**

    **(c)**     **No change may create a situation where a duly elected magisterial district judge is hearing cases from outside the district from which he or she was elected on a regularly scheduled basis.**

**(4)**     **Decision**

**The AOPC shall provide its recommendation as to whether to approve the petition to the Supreme Court of Pennsylvania.**

**The Supreme Court of Pennsylvania shall decide whether to approve the petition.**

> **(5)     Implementation**
>
> **Following the approval of a petition, the president judge shall consult with the affected magisterial district judges to ensure that the changes are implemented without undue disruption.**

*Comment*: **[The 2002 amendments to paragraph (A) divided the paragraph into subparagraphs to more clearly distinguish between the locations for the different types of proceedings and business that an issuing authority conducts.]**

Paragraph (A)(3) permits the president judge, or the president judge's designee, to order that a hearing or hearings be held in a location that is different from the issuing authority's established office. **[Nothing in this rule is intended to preclude the president judge, or the president judge's designee, from issuing a standing order for a change in location. For example, this might be done when a state correctional institution is located in the judicial district and the president judge determines that, for security reasons, all preliminary hearings of the state correctional institution's inmates will be conducted at that prison.] The creation of central courts is governed by paragraph (B) of this rule.**

*See* Rule 540 and Comment for the procedures governing the use of advanced communication technology in preliminary arraignments.

*See* Rule 130 concerning the venue when proceedings are conducted by using advanced communication technology.

**[Paragraph (B) of this rule is intended to facilitate compliance with the requirement that defendants be represented by counsel at the preliminary hearing. *Coleman v. Alabama*, 399 U. S. 1 (1970).]**

Paragraph (A)(4) permits issuing authorities to perform their official duties from an advanced communication technology site within the Commonwealth. The site may be located outside the magisterial district or judicial district where the issuing authority presides.

**[This rule allows the president judge of a judicial district the discretion to determine what classes of cases require centralized preliminary hearings or summary trials, and requires the president judge, or the president judge's designee, to establish a schedule of central places within the Commonwealth to conduct such hearings or summary trials, and the hours for the hearings or trials at the central locations.]**

[Ideally, this rule should minimize the inconvenience to defense counsel and the attorney for the Commonwealth by eliminating the necessity of travel at various unpredictable times to many different locations throughout the judicial district for the purpose of attending preliminary hearings or summary trials. Finally, this rule allows preliminary hearings or summary trials for jailed defendants to be held at a location close to the place of detention.]

**Paragraph (B) sets forth a procedure requiring examination of the effects of relocation to a central place or places, including inconvenience to the public. Such changes in location affect access to justice and may change procedures. Therefore, this procedure mandates approval by the Supreme Court of Pennsylvania to ensure a more unified system as is done in similar matters like Reestablishment of Magisterial Districts (42 Pa.C.S. §1503), Establishment of Offices (Pa.R.Civ.P.M.D.J. 101), etc.**

**Nothing in this rule limits the President Judges' authority to develop county-wide systems for preliminary arraignments and coverage for other after-hours emergency matters per Pa.R.Crim.P. 117 (Coverage: Issuing Warrants; Preliminary Arraignments and Summary Trials; and Setting and Accepting Bail).**

**Ideally, the location of a central court should minimize inconvenience to the public. Long travel discourages the public from attending hearings, paying fines, or posting bail, may result in dispositional delays and increased litigation costs, and may hinder access to emergency relief, such as protection from abuse orders. Proximity to magisterial district courts "is an important ingredient in the public's. . .trust in the judicial branch." Report of the Magisterial District Reestablishment Subcommittee Intergovernmental Task Force to Study the District Justice System, 2001.**

**This rule is not intended to reverse existing orders relocating magisterial district judge proceedings to a central court.**